## WILLIAM GOLDER ET AL.
### v.
## WILLIAM MUELLER ET AL.

*Award—Fraud—Irregularity—Instructions—Practice.*

1. Mere irregularity, in the absence of fraud, will not invalidate an award.

2. A party can not be heard to complain of an error in an instruction which he himself caused to be made.

3. In the case presented, it is *held:* That the evidence does not support the allegation of fraud against the arbitrators; and that there is no error in tae instructions of which the appellants can complain.

[Opinion filed May 18, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. F. W. TOURTELLOTTE, for appellants.

Mr. MASON B. LOOMIS, for appellees.

*Per Curiam.*    Appellants brought suit to recover damages

for a failure to deliver certain cedar posts which were contracted to be delivered by appellees. Appellees pleaded an arbitration upon a submission by the parties "of all manner of claims, actions, controversies and demands existing between the parties, and growing out of the said contract for the delivery of cedar posts," and an award in their favor signed by two of the three arbitrators.

The main controversy of law and of fact in the case is over the question of the award; appellants claim that the arbitrators acted partially, corruptly and irregularly, and that the court erred in instructing the jury with reference to the law governing arbitrations and awards. We have examined the record carefully and find no evidence to support the allegation of fraud against the arbitrators.

Some little irregularity seems to have occurred, but mere irregularity, in the absence of fraud, will not invalidate an award.

The modification made by the court in appellants' instructions were proper, and we find no error in the instructions which were given for appellees. Appellants' fourth instruction, as given, was incorrect, but the mistake in improperly using the word "not" in the instruction was the mistake of the attorney who drew it, and not the mistake of the court. A party can not be heard to complain of an error which he himself caused to be made. Appellants' first instruction was properly refused. To have given it would have been fatal error.

After a careful consideration of all the points made by appellants we find none of them sustained. The facts and the law arising thereon are both clearly against appellants; there is no error in the record, and the judgment of the Superior Court must therefore be affirmed.

*Judgment affirmed.*